UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                          Case No.: 1-09-40387-dem

AMIEL ISHAKY,                                         Involuntary Chapter 7

         Alleged Debtor.
------------------------------------------------------x      Case No.: 1-09-40386-dem
In re:

RAMADA HOMES, INC.,                            Involuntary Chapter 7

         Alleged Debtor.
-----------------------------------------------------x       Case No.: 1-09-40389-dem
In re:

523 RUTLAND DEVELOPMENT CORP.,          Involuntary Chapter 7

         Alleged Debtor.
-------------------------------------------------------x     Case No.: 1-09-40392-dem
In re:

2443 POPLAR STREET CORP.                     Involuntary Chapter 7

         Alleged Debtor.
-------------------------------------------------------x

## DECISION AND ORDER DENYING MOTION FOR RECUSAL OF JUDGE

Appearances

Robert J. Gumenick, Esq.
Law Office of Robert J. Gumenick, PC
Attorneys for Petitioning Creditors
160 Broadway, Suite 1100
New York, New York 10038

Mel Ginsburg, Esq.
Attorney for Alleged Debtors
261 Madison Avenue
New York, New York

Appearing for

Barry H. Phillips, Esq.
Law Office of Barry Phillips
Attorney for the Alleged Debtors
114 Old Country Road, Suite 248
Mineola, New York 11501

DENNIS E. MILTON
UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

This matter comes before the Court on the application of the petitioning

creditors, AMK Capital Corp. ("AMK") and MBM Capital Corp. ("MBM") (collectively the

"Petitioning Creditors") for an order disqualifying the undersigned from hearing the above

captioned proceedings. For the reasons set forth below, the Court finds that the Petitioning

Creditors have failed to establish a factual and legal basis for the relief sought.  The Court hereby

denies the Petitioning Creditors Application in all respects.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b)

and 157(b)(2)(c) and the Eastern District of New York standing order of reference dated August

28, 1986.  This Memorandum Decision and Order constitutes the Court's findings of fact and

conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## FACTUAL BACKGROUND

On January 22, 2009, the Petitioning Creditors filed four involuntary petitions

under Chapter 7 of the Bankruptcy Code against Amiel Ishaky, Ramada Homes, Inc., 523

Rutland Development Corp. and 2443 Poplar Street Corp.  (the "Alleged Debtors").   On or

about January 29, 2009, the involuntary summonses were issued.   On February 4, 2009, the

Petitioning Creditors filed an Emergency Motion to Appoint an Interim Chapter 7 Trustee (the

"Trustee Motion") and a Motion to Limit Notice and for an Expedited Hearing on the

Emergency Motion (the "Emergency Motion").  By  Order dated February 25, 2005, this Court

granted the relief sought in the Petitioning Creditors' Emergency Motion to the extent that it

scheduled a hearing date for March 11, 2009 for the Trustee Motion and issues raised by the

pleadings in the involuntary case. The March 11, 2009 hearing was subsequently adjourned to

March 26, 2009.                              On March 26, 2009, the Court conducted a hearing and

adjourned the Trustee Motion to April 16, 2009.   On April 1, 2009, counsel for the Petitioning

Creditors filed a Motion for an Order to Disqualify Judge (the "Recusal Motion").  Petitioning

Creditors sought this relief on the grounds that "(i) the Court's impartiality in these matters

might reasonably be questioned, (ii) that such question of partiality arises from the Court's

extrajudicial actions, including, for example, the Court's numerous *ex parte* contacts with

counsel for the alleged debtors... (iii) that the Court's impartiality might be reasonably be

questioned under the 'objective' standard...." Recusal Motion at  2.  The Court set April 9, 2009

as the return date for the hearing on the Recusal Motion.

In support of its application for an order of recusal, the Petitioning Creditors

allege that the following actions by the Court could be construed as providing a basis for

questioning the impartiality of the Court:

> 1.  The Petitioning Creditors allege that the Court did not
> acknowledge their letter dated February 25, 2009
> requesting the Court to schedule a pre-trial conference
> and limited discovery prior to the hearing date of
> March 11, 2009.
>
> 2.  The Court denied Petitioning Creditor's request
> in a letter dated March 5, 2009 for an adjournment

of the March 11, 2009 hearing because
Petitioning Creditor's witness was out of
town, forcing Petitioning Creditor's witness to miss
a family obligation. However, the Court granted the
Alleged Debtor's request to adjourn the March 11,
2009 hearing made on March 10, 2009 because
of a medical emergency with debtor's counsel's wife.

3.  Petitioning Creditors allege that the they did not
receive a message from the Court about this adjournment,
and that they left a message with the Court objecting
to the adjournment and received no response. The Petitioning
Creditors allege that the adjournment was granted
*ex parte*.

4.  The Petitioning Creditors allege that when they
appeared on March 11, 2009 for a hearing and were
informed that the hearing was adjourned, they asked
to speak with the Chief Judge, but were instead
directed to the Clerk of the Court.  Petitioning
Creditors believe that their actions so offended the
Court as to disadvantage Petitioning Creditors.

5.  The Petitioning Creditors also allege that debtor's
counsel had an *ex-parte* conversation with chambers
on March 25, 2009, regarding the nature of the
hearing scheduled for March 26, 2009.

6.  On March 26, 2009, Petitioning Creditors were
ready to proceed with an evidentiary hearing; however,
debtor's counsel made an application for an adjournment
because of an unexpected and additional medical
development issue with his wife.  The Court granted
debtor's counsel's request for an adjournment
until April 16, 2009.  Petitioning Creditors
believe that the Court was acting in a one-sided
manner in not denying their oral request for the
imposition of costs on the alleged debtors
for a last minute request for an adjournment.

7.  Petitioning Creditors also believe that the Court
acted in a non-impartial manner when it denied their
oral request at the March 26, 2009 hearing for entry
of an order compelling the alleged debtors to segregate

4

> and pay rents from the properties to the Petitioning
> Creditors.

Affirmation of Robert J. Gumenick, Esq. at 7-12.

On April 4, 2009, counsel for the Alleged Debtors filed an affirmation in

opposition to the Recusal Motion.  Counsel for the Alleged Debtors felt the need to file the

affirmation to correct "distorted and incorrect statements of facts in counsel for petitioning

creditors affirmation" in support of the Recusal Motion.  Affirmation of Barry H. Phillips, Esq.

at 2.   On April 9, 2009, the court conducted a hearing on the Recusal Motion.  At the hearing

counsel for the Alleged Debtors argued that the counsel for the Petitioning Creditors had failed

to establish any factual or legal basis for the relief sought. The Court took the matter under

advisement.

## DISCUSSION

### SINCE THE PETITIONING CREDITORS HAVE FAILED TO ESTABLISH A FACTUAL AND LEGAL BASIS FOR THE RELIEF SOUGHT, THE RECUSAL MOTION MUST BE DENIED

Federal Rule of Bankruptcy Procedure 5004(1), through incorporation of 28

U.S.C. § 455, governs the disqualification of a bankruptcy judge from hearing either the entire

case or a proceeding within a case, in the following situation.  It provides in pertinent part :

> (a) Any justice, judge, or magistrate [magistrate judge] of the
> United States shall disqualify himself in any proceeding in which
> his impartiality might reasonably be questioned.

28 U.S.C. § 455.  Disqualification under 28 U.S.C. § 455(a) is considered on the basis of the

objective standard of a reasonable observer. *See Liteky v. United States,* 510 U.S. 540, 548 (U.S.

1994).  The issue is whether "an objective, disinterested observer fully informed of the

underlying facts, [would] entertain significant doubt that justice would be done absent recusal."

*United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *United States v. Lovaglia*, 954

F.2d 811, 815 (2d Cir. 1992) (citations omitted)).  The test deals with appearances, including the

petitioner's allegations of bias as well as the judge's " 'rulings on and conduct regarding them.' "

*In re Basciano*, 542 F.3d 950, 956 (2d Cir. N.Y. 2008) (quoting *United States v. Amico*, 486 F.3d

764, 775 (2d Cir. N.Y. 2007)).  The standard is designed to promote public confidence in the

impartiality of the judicial process. *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. N.Y.

2000) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) (internal

quotation marks omitted)). [1]

In *Liteky v. United States*, the Supreme Court held that circumstances may not

constitute a basis for a bias or partiality motion unless they display a "deep-seated favoritism or

antagonism that would make fair judgment impossible."  510 U.S. 540, 556 (U.S. 1994).  In

addition, the Court in *Liteky* stated that judicial rulings alone almost never constitute a valid

basis for a bias or partiality motion. *Id*.

Viewed against this backdrop, the allegations of the Petitioning Creditors fall far

short of the minimum required to form a basis which would even arguably support a motion for

recusal.  As summarized above, the allegations of the Petitioning Creditors consist of little more

than a party's complaints when they have not obtained the relief  requested.  As set forth in the

---

[1] In its papers and at argument, counsel for the Petitioning Creditors relied upon the holding and standard in Potashnick v. Port City Const. Co., 609 F.2d 1101 (5th Cir.), *cert. denied*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).  The facts of the Potashnick case stand in sharp contrast to those presented here.  In Potashnick, the Court found the failure of a judge to recuse himself was an abuse of discretion where the judge had business dealings with the Plaintiff's attorney and the judge's father was a senior partner in Plaintiff's law firm.  The Potashnick Court found that the language of Title 28, United States Code, Section 455, set up an objective standard.  609 F.2d at 1111-12. As seen above, the Second Circuit has also adopted an objective standard.

affirmation of counsel for the Alleged Debtors, no impermissible *ex parte* conversations have

taken place.  The court has as much of an obligation not to recuse itself when there are no

grounds for recusal as it is obliged to when there are grounds. *See In re Drexel Burnham*

*Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

The application for an Order of Recusal is denied in all respects.

**CONCLUSION**

The petitioning Creditors have failed to establish a factual or legal basis to

support their application for an Order of Recusal.  The application is denied.

IT IS SO ORDERED.

Dated: Brooklyn, New York
      April 20, 2009

S/Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge